Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Andres Acosta and Cristian Castaneda*, on behalf of themselves and others similarly situated,*<br><br>*Plaintiffs*,<br><br>-v-<br><br>Executive Cleaning Services of Long Island Ltd, St. John's University, and Angel Cardenas, *in his individual and professional capacity*,<br><br>*Defendants.* | Civil Case No.: _____-cv-_____(___)<br><br>**FLSA COLLECTIVE ACTION**<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1.      Plaintiffs Andres Acosta and Cristian Castaneda ("Plaintiffs" or "Acosta" and "Castaneda"), on behalf of themselves and others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiffs' overtime compensation. Plaintiffs also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, spread-of-hours pay, and notice requirements.

## SUMMARY

2.      Plaintiffs were employed by Defendants, Executive Cleaning Services of Long Island Ltd, St. John's University, and Angel Cardenas as maintenance workers.

3.      Both Plaintiffs worked approximately Sixty-Five (65) hours per week during different intervals between July 2014 to May 2015 at different locations in St. John's University.

4.      St John's University engaged the services of Executive Cleaning Services of Long Island Ltd., a staffing agency, to recruit and retain Plaintiffs as maintenance workers. However, as a matter of economic reality, Plaintiffs were jointly employed by both entities.

5.      Defendants have repeatedly deprived Plaintiffs of their overtime wages and spread-of-hours premium.

6.      Defendants misclassified Plaintiffs as independent contractors and paid them no overtime for hours worked over forty hours per week.

7.      Nevertheless, the degree of control exercised by Defendants over Plaintiffs, the duration and permanence of Plaintiffs' duties and the vital role Plaintiffs' work constituted to Defendants' business indicate that Plaintiffs were in fact employees of Defendants within the meaning of the FLSA and NYLL.

8.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

9.      As a result of Defendants' actions, Plaintiffs both suffered great hardship and damages.

10.      Defendants' conduct extended beyond the Plaintiffs to all other similarly

situated employees. Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

11.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

### Personal Jurisdiction

12.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

### Venue

13.     Venue is proper in the Eastern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiffs)

### Andres Acosta

14.     Plaintiff Andres Acosta ("Acosta") is an adult individual residing in the state of New York, County of Queens.

15.     Acosta is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

16.     Acosta worked for Defendants from July 2014 to May 2015.

17.     During this period, Acosta was economically dependent on the business of Defendants. He did not have an independent business providing cleaning services to his own customers, nor did he ever advertize that he had such business.

18.     Acosta was employed as a maintenance worker and his primary duties included setting up tables, cleaning up, placing out and arranging carpets, and maintaining general upkeep and cleanliness of various areas of St. John's University.

19.     Acosta's work was supervised at all times, by a person named "William", an employee of St. John's University. William would also instruct, train, and discipline Acosta.

20.     In addition, Angel Cardenas would set Acosta's schedule and provide him with cleaning equipment and a uniform.

21.     Acosta's rate of pay was set jointly by the Defendants and Acosta was not in a position to negotiate this rate.

22.     Acosta did not have the ability to decline the assignments that Defendants gave him nor was his allowed to select which work to perform or which locations to clean. Acosta was also prohibited from delegating his work to other persons.

23.     Acosta regularly handled goods in interstate commerce during his employment, such as the cleaning products he used at the job site that were purchased out of state.

24.     During the period of his employment with Defendants, Acosta worked seven days per week from 3:00 pm to 11:00 pm. Sometimes, his schedule would extend until 3 a.m. or 4 a.m. according to Defendants' needs.

25.     Since starting work in July 2014 up until May 2015, Acosta's hours worked were averaging around Sixty-Five (65) hours per week. His hourly pay, as determined by Defendants, was Nine Dollars ($9) per hour for all hours worked.

26.     St. John's University utilized a fingerprint system whereby Acosta would clock in and out.

27.     Defendants repeatedly suffered or permitted Acosta to work over Forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times his regular rate of pay.

28.     Defendants have failed to pay Acosta spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Acosta's shift extended for more than ten (10) hours.

29.     Acosta was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

30.     Acosta was never provided with wage statements or other records detailing dates worked, money received, and the employer's details at any point during the time of his employment with Defendants.

31.     Acosta was not provided with a meal break lasting at least forty-five minutes during his shifts.

32.     Upon information and belief, while Defendants employed Acosta, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Acosta of such rights.

33.     Throughout the duration of his employment, Acosta did not have any

supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

34.     Acosta consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

35.     Acosta has personal knowledge of other employees of Defendants who also worked extra hours for which they were not paid at an overtime rate. Acosta also has knowledge that both Executive Cleaning Services of Long Island Ltd and St. John's University employ such maintenance workers that they misclassify as independent contractors in order to avoid paying them overtime.

**Cristian Castaneda**

36.     Plaintiff Cristian Castaneda ("Castaneda") is an adult individual residing in the state of New York, County of Queens.

37.     Castaneda is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

38.     Castaneda worked for Defendants from September 2014 to April 2015.

39.     During this period, Castaneda was economically dependent on the business of Defendants. He did not have an independent business providing cleaning services to his own customers, nor did he ever advertize that he had such business.

40.     Castaneda was employed as a maintenance worker and his primary duties included setting up tables, cleaning up, placing out and arranging carpets, and maintaining general upkeep and cleanliness of various areas of St. John's University.

41.     Castaneda's work was supervised, at all times, by a person named "William", an employee of St. John's University. William would also instruct, train, and discipline

Castaneda.

42.    In addition, Angel Cardenas would set Castaneda's schedule and provide him with cleaning equipment and a uniform.

43.    Castaneda's rate of pay was set jointly by the Defendants and Castaneda was not in a position to negotiate this rate.

44.    Castaneda did not have the ability to decline the assignments that Defendants gave him nor was his allowed to select which work to perform or which locations to clean. Castaneda was also prohibited from delegating his work to other persons.

45.    Castaneda regularly handled goods in interstate commerce during his employment, such as the cleaning products he used at the job site that were purchased out of state.

46.    During the period of his employment with Defendants, Castaneda worked 7 days per week from 3 p.m. to 11 p.m. Sometimes, his schedule would extend until 3 a.m. or 4 a.m. according to Defendants' needs.

47.    Since starting work in July 2014 up until May 2015, Castaneda's hours worked were averaging around Sixty-Five (65) hours per week. His hourly pay, as determined by Defendants, was Nine Dollars ($9) per hour for all hours worked.

48.    St. John's University utilized a fingerprint system whereby Castaneda would clock in and out.

49.    Defendants repeatedly suffered or permitted Castaneda to work over Forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times his regular rate of pay.

50.     Defendants have failed to pay Castaneda spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Castaneda's extended for more than ten (10) hours.

51.     Castaneda was not provided with a meal break lasting at least forty-five minutes during his shifts.

52.     Castaneda was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

53.     Castaneda was never provided with wage statements or other records detailing dates worked, money received, and the employer's details at any point during the time of his employment with Defendants.

54.     Upon information and belief, while Defendants employed Castaneda, they failed to post notices explaining the minimum wage rights of employees under the FLSA and the NYLL and failed to inform Castaneda of such rights.

55.     Throughout the duration of his employment, Castaneda did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

56.     Castaneda consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

57.     Acosta has personal knowledge of other employees of Defendants who also worked extra hours for which they were not paid at an overtime rate. Castaneda also has knowledge that both Executive Cleaning Services of Long Island Ltd and St. John's University employ such maintenance workers that they misclassify as independent contractors in order to

avoid paying them overtime.

**(Corporate Defendants)**

58.     Defendants Executive Cleaning Services of Long Island Ltd. and St. John's University jointly employed Plaintiffs within the meaning of the FLSA and the NYLL and the interpreting case law including *Zheng v. Liberty Apparel Co. Inc*. 355 F.3d 61 (2d Cir. 2003). Factors indicating joint employment include:

    a.    Corporate Defendants all suffered or permitted Plaintiffs to work.

    b.    Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs and similarly situated employees.

    c.    Defendants each have an economic interest in the St. John's University locations in which Plaintiffs and similarly situated employees worked.

    d.    Defendants all simultaneously benefitted from Plaintiffs' work.

    e.    Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiffs and similarly situated employees.

    f.    Plaintiffs and similarly situated employees performed work integral to each Corporate Defendant's operation.

59.     In the alternative Defendants Executive Cleaning Services of Long Island Ltd. and St. John's University functioned together as a single integrated employer of Plaintiffs within the meaning of the FLSA and NYLL.

**Executive Cleaning Services of Long Island Ltd.**

60.     Executive Cleaning Services of Long Island Ltd. ("Executive Cleaning") is a domestic corporation formed on August 13, 2002, organized and existing under the laws of the State of New York.

61.     Executive Cleaning's principal place of business is located at 236 Fulton Avenue, Suite 214, Hempstead, New York, 11550.

62. At all relevant times, Executive Cleaning was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

63. At all relevant times, Executive Cleaning maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

64. At all times applicable, Plaintiffs were directly retained by Executive Cleaning and received their paychecks from Executive Cleaning for work they physically performed at Defendant St. John's University.

65. At all relevant times, Executive Cleaning was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling cleaning products produced out of state and distributed in New York. In addition, Executive Cleaning conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

66. Upon information and belief, at all relevant times, Executive Cleaning's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**St. John's University**

67. St. John's University ("St. John's") is a private, co-educational university founded in 1870 and controlled by a privately appointed Board of Trustees in accordance with the laws of the State of New York.

68. St. John's University is located at 8000 Utopia Parkway, Jamaica, Queens, 11439.

69.     At all relevant times, St. John's was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

70.     At all relevant times, St. John's has maintained formal and/or functional control, oversight, and direction over the Plaintiffs. Specifically, Plaintiffs performed all their work duties at different St. John's locations in accordance with St. John's needs, and reported directly to St. John's facilities at the start of the work day and left those facilities at the end of the work day. In addition, an employee of St. John's, a person known to Plaintiffs as "William" would supervise Plaintiffs at all times. William also had the power to instruct, train, and discipline the Plaintiffs.

71.     St. John's University determined the turnaround time for maintenance tasks performed by Plaintiffs and their workloads.

72.     Upon information and belief, St. John's directly and/or indirectly set Plaintiffs' hours of work and pay rates through its terms of agreement with Executive Cleaning.

73.     At all relevant times, the duties performed by Plaintiffs for St. John's were integral to St. John's operations. Specifically, as a university with a student campus, St. John's provided lodging facilities to students and Plaintiffs' duties were essential to the upkeep of these facilities.

74.     Upon information and belief, St. John's knew or should have known of the unlawful policies of requiring Plaintiffs to work extra hours with no overtime pay; and had the power to stop the work and/or the violations, but did not do so.

75.     Upon information and belief, St. John's had the authority to audit all Executive Cleaning employment records and exercise control over the accuracy of the hours and wages of Plaintiffs.

76.     St. John's had the power to induce compliance with applicable wage and hour laws by threatening to terminate its contractual agreement with Executive Cleaning.

77.     At all relevant times, St. John's University is "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because it offers teaching, academic, and institutional services to many out-of-state and foreign students. St. John's also has various campuses in overseas countries such as Italy and France.

78.     Upon information and belief, at all relevant times, St. John's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

### (Individual Defendant)

79.     At all relevant times, Executive Cleaning Services of Long Island Ltd, St. John's University, and Angel Cardenas, were joint employers of Plaintiffs, acted in the interest of each other, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

**Angel Cardenas**

80.     Upon information and belief, at all relevant times, Angel Cardenas ("Cardenas") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of Executive Cleaning Services of Long Island Ltd.

81.     At all relevant times throughout Plaintiffs' employment, Cardenas had the discretionary power to create and enforce personnel decision on behalf of Executive Cleaning, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs

while they were employed by Defendants.

82.     At all relevant times throughout Plaintiffs' employment, Cardenas was involved in the day-to-day operations of Executive Cleaning.

83.     At all relevant times throughout Plaintiffs' employment, Cardenas was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

84.     Pursuant to 29 U.S.C. §§ 203, 207, and 216(b), Plaintiffs bring their First cause of action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since September 21, 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as maintenance employees (the "Collective Action Members").

85.     A collective action is appropriate in these circumstances because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of misclassifying employees as independent contractors and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.

86.     Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

87.     The claims of the Plaintiffs stated herein are similar to those of the other employees.

13

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Unpaid Overtime Wages**

88.     Plaintiffs and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

89.     At all relevant times, Plaintiffs and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

90.     At all times relevant, Defendants have been employers of Plaintiffs and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

91.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Collective Action Members.

92.     Defendants have failed to pay Plaintiffs and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

93.     As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

94.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

95.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the Collective Action Members.

96.     Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

97.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

98.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

99.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

100.    At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 190 and the supporting New York State Department of Labor Regulations.

101.    The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

102.    Defendants have failed to pay Plaintiffs proper overtime which they were entitled to at a wage rate of one and one-half times their regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

103.    Through their knowing or intentional failure to pay Plaintiffs proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

104.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

105.    Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

106.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### THIRD CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

107.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

108.    The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

109.    Defendants have failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

110.    Through their knowing or intentional failure to pay Plaintiffs spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

111.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at the Time of Hiring

112.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

113.    Defendants have failed to provide Plaintiffs, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

114.    Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until

February 26, 2015, and statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

## **FIFTH CAUSE OF ACTION**

### **New York Labor Law – Failure to Provide Wage Statements**

115.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116.    Defendants have failed to provide Plaintiffs with wage statements listing their rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

117.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## **SIXTH CAUSE OF ACTION**

### **New York Labor Law – Meal Break Violations**

118.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

119.    The meal provisions as set forth in NYLL § 162 apply to Defendants and protect Plaintiffs.

120.    Defendants have consistently and repeatedly failed to allow Plaintiffs a meal break lasting at least forty-five minutes per day for any days Plaintiffs worked a shift of more

than six hours between the hours of one o'clock in the afternoon and six o'clock in the morning as required by NYLL § 162(4).

121.    Due to Defendants' violations of the NYLL, Plaintiffs have suffered damages by being deprived of their statutorily required meal breaks and are entitled to compensation in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B.    An order tolling the statute of limitations;

C.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations;

D.    Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.    Unpaid overtime wages and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

F.    Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

G.     An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

H.     An award of statutory damages for Defendants' failure to provide Plaintiffs with wage statements pursuant to NYLL § 198 (1-d);

I.     An award of damages for Defendants' failure to provide Plaintiffs with statutorily required meal breaks pursuant to NYLL § 162 to be determined at trial;

J.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

K.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

L.     An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

M.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

N.     An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

O.     Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
      September 21, 2016

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By:   _/s/Ariadne Panagopoulou_____
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiffs*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email:  ari@pnlawyers.com

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **Executive Cleaning**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 8/22/2016

Cristian Castaneda
Signature

Cristian Castaneda
Print

80-25 Parsons Boulevard,
Apt C-17
Queens NY 11432
Address

347.447.9911
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **Executive Cleaning**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 8/22/2016

_Andres Acosta_
Signature

Andres Acosta
Print

77-33 164 Street,
Apt 1A
Queens NY 11366
Address

347.567.0316
Telephone